FILED

NOV 17 2005

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA

In re:                                )   Case No. 05-28728-D-13L
                                      )   Docket Control No. JSY-1
DANIEL E. GONZALEZ,                   )
                                      )
                                      )
            Debtor.                   )
_____)

## MEMORANDUM DECISION

Creditor John Yohanan ("Yohanan") has objected to the claim of exemption by Daniel E. Gonzalez (the "Debtor") as to property described as a "personal injury award" in the schedules filed by the Debtor in this Chapter 13 case.

For the reasons set forth below, the court will sustain Yohanan's objection to the claim of exemption.

### I. INTRODUCTION

The record in this case shows that on July 18, 2005, the Debtor filed his B-Schedule, which includes property described as follows: "Personal Injury Award (held by Sac County Sheriff)," which the Debtor valued at $27,500.[1] In the C-schedule filed on the same date, the Debtor claimed the entire value of the Award as exempt, by way of California Code of Civil Procedure ("CCP") section 703.140, subsections (b)(5) and (b)(11)(D).

On September 14, 2005, Yohanan filed a Notice of Objection to Claim of Exemption (the "Objection"), in which he objected to the Debtor's claims of exemption as to the Award. Yohanan's objection was based on the allegation that "the proceeds retained

/ / /

_____

    1.   This property will be referred to hereinafter as the "Award."

by the Sheriff of Sacramento County [the Award] are not proceeds received by the debtor as a personal injury award."

On October 11, 2005, the Debtor filed opposition to the Objection, and the court, on October 25, 2005, continued the hearing to November 8, 2005, so that the Debtor could present documentary evidence as to a settlement agreement that was alleged to be the basis of the Award. On October 28, 2005, the Debtor filed his Exhibit in Support of Personal Injury Exemption (the "Exhibit"), including a copy of that document.

On the same date, the Debtor filed an amended C-schedule (the "Amended Schedule"), which continued to claim the Award as exempt. The Amended Schedule seeks to exempt the Award as follows: the amount of $19,675 pursuant to CCP section 703.140(b)(5) and (1), and $18,675 pursuant to CCP section 703.140(b)(11)(D).

No request was made pursuant to Local Bankruptcy Rule 9014-1 for live testimony, and the record therefore closed with the filing of the Exhibit. On November 8, 2005, the court heard oral argument on the Objection. At the hearing, the parties asked the court to rule on the validity of the exemption claimed as to the Award in the Amended Schedule, since the Debtor continued to seek exemption of part of the Award by way of CCP section 703.140(b)(11)(D).

## II. ANALYSIS

Under Federal Rule of Bankruptcy Procedure ("Rule") 4003(b), a party in interest may file an objection to claims of exemption within thirty days of the conclusion of the Meeting of Creditors, or within thirty days after an amendment to claims of exemption

- 2 -

is filed. In this case, the Meeting of Creditors was concluded on August 25, 2005, making the September 14, 2005 Objection timely.

Under Rule 4003(c), "the objecting party has the burden of proving that the exemptions are not properly claimed." Once the objecting party has produced evidence to rebut the presumptively valid exemption, however, the burden of production shifts to the debtor "to come forward with unequivocal evidence to demonstrate that the exemption is proper." In re Carter, 182 F.3d 1027, 1029-30 n.3 (9th Cir. 1999) (citations omitted). At the same time, the burden of persuasion remains with the objecting creditor. Id.

Under CCP section 703.140(b)(11)(D), a debtor may exempt property that is traceable to a payment, not to exceed $17,425, on account of "personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss." Yohanan argues that the Award did not result from a claim for personal bodily injury, and that the Award therefore does not qualify for exemption under CCP section 703.140(b)(11)(D).

Without objection, Yohanan submitted a copy of the complaint filed by the Debtor in the Sacramento County Superior Court on August 26, 2004 (the "Complaint"), which allegedly resulted in the Award. The Complaint, on a Judicial Council of California form, states actions for general negligence, intentional tort, premises liability, conversion, and fraud. The damages alleged by the Debtor in the Complaint consist of wage loss, loss of use of property, and property damage. The Complaint includes no

///

claim for personal injury to the Debtor, any dependent of the Debtor, or any other party.

Under Rule 4003(c), the filing of the Objection and the copy of the Complaint shifted the burden of production in this proceeding to the Debtor. In response, the Debtor produced the Exhibit, which consists of a copy of an unsigned, undated General Release, and copies of pages 274 through 277 from what is apparently a deposition transcript.

The General Release describes payment of $85,000 to the Debtor, but does not provide that the $85,000 amount, or any part of this amount, was to be paid on account of any personal bodily injury to any party. Further, the General Release is not signed by any party, which makes it difficult to conclude that it constitutes a binding agreement between the named parties. Finally, the transcript pages that the Debtor submitted with the General Release, at best and if taken at face value, can establish nothing more than that the deponent (who can be identified as a Mr. Gonzalez only by inference and who makes no statement of his own during the time covered by the pages of the transcript provided) was apparently upset at being asked certain questions.

Based on this record, the court finds that the Debtor has not met his burden of production, as required by Rule 4003(c) and applicable case law, to demonstrate that any part of the Award consists of funds traceable to a payment on account of personal bodily injury. The court therefore concludes that the Debtor's claim of exemption, to the extent it is based on CCP section 703.140(b)(11)(D), is improper.

- 4 -

Under CCP section 703.140(b)(5), however, a debtor may exempt the debtor's interest in any property not to exceed $925 in value, plus the unused amount of the exemption under CCP section 703.140(b)(1), which generally provides for the exemption of residential property up to $17,425 in value.  The maximum amount that may be claimed as exempt under section 703.140(b)(5) is therefore $18,350.

In the Amended Schedule, the Debtor has claimed no residential or similar property as exempt under CCP section 703.140(b)(1).  Under CCP section 703.140(b)(5), then, the Debtor is entitled to exempt "any property," which can include the Award, in a total amount not to exceed $18,350.

At the November 8, 2005 hearing, Yohanan clarified that the Objection goes solely to the exemption claim under CCP section 703.140(b)(11)(D), and not to the exemption claim under CCP section 703.140(b)(5).  The court therefore will not rule at this time on the Debtor's claim of exemption under CCP section 703.140(b)(5) in regard to the Award, which is made in the amount of $19,675.

### III. CONCLUSION

The record demonstrates that exemption of the Award in any amount under CCP section 703.140(d)(11)(D) is improper.  As such, the Objection will be sustained.  The court will issue an order consistent with this memorandum.

Dated: November 16, 2005

*Robert Bardwil*
ROBERT S. BARDWIL
United States Bankruptcy Judge

## Certificate of Service

I certify that on __11/17/05__ a copy of the foregoing **document** was mailed to the following:

Lawrence Loheit
P.O. Box 1858
Sacramento, CA 95812-1858

Scott Coben
1214 F Street
Sacramento, CA 95814

John Yohanan
99 Almaden Blvd., #500
San Jose, CA 95113

FOR THE COURT
RICHARD G. HELTZEL
CLERK, U.S. BANKRUPTCY COURT

By: _Andrea Lovgren_
       Deputy Clerk